# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| IN THE MATTER * | |
| OF THE PETITION * | |
| * | |
| OF * | Case No.: |
| * | |
| LARRY CLEMENTS * | |
| Owner of the 2013 Cypress Cay Model * | IN ADMIRALTY |
| 230, 25' pontoon boat, * | |
| Hull Identification No. US-HAMC8020G213, * | |
| For exoneration from or limitation of * | |
| liability. * | |

## PETITION FOR EXONERATION FROM OR
## LIMITATION OF LIABILITY

Petitioner, Larry Clements ("Petitioner"), as the owner of that certain 2013 Cypress Cay Model 230 twenty-five foot pontoon boat, bearing Hull Identification Number US-HAMC8020G213 and Alabama Registration Number AL3350MM (the "Vessel"), pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), and the applicable local rules of the U.S. District Court for the Northern District of Alabama, hereby respectfully petitions the Court for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on or about August 6, 2022, on the navigable waters of the United States near Athens, Alabama, and as grounds therefore alleges:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. 9(h), 28 U.S.C. § 1333, and U.S. Const. Art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and Supplemental Rule F, governing Limitation of Liability Actions.

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, 1333, and 46 U.S.C. § 30501 *et seq*.

4. At all times material hereto, the Vessel is and has been located within the territorial limits of the United States District Court for the Northern District of Alabama.  Therefore, venue is proper in this District pursuant to Supplemental Rule F(9).

5. At all material times, Petitioner was and is a Tennessee resident living in Giles County, Tennessee.

6. At all material times, Petitioner was and is the registered owner of the Vessel.

7. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters of the Tennessee River near Athens, Alabama, on or about August 6, 2022, while the Vessel was engaged in maritime activity.

8. The subject voyage of the Vessel on August 6, 2022 commenced and terminated at Lucy's Branch Marina in Athens, Alabama.

9. Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in the alternative, seeks to claim and invoke the right, privilege, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

10. At all times material hereto, the Vessel was tight, staunch, strong, equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

11. At all times material hereto, Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

12. The Vessel has not been attached or arrested *in rem* in any civil proceeding.

13. On or about August 6, 2022, the Vessel was operated by Petitioner on navigable waters of the Tennessee River. Passengers on the Vessel at the time included Steven Christoper Morris, Mimi Alfonso Boggs, Charles Melvin Boggs, and Katherine Elizabeth Clements.

14. As the Vessel traveled west on the Tennessee River, an unidentified cabin cruiser was traveling east on the Tennessee River. The cabin cruiser passed the Vessel approximately one-quarter mile to the south. The cabin cruiser created a wake. Prior to the Vessel coming in contact with the wake created by the cabin cruiser, Petitioner reduced the speed of the Vessel to a reasonable speed for the conditions and steered the Vessel slightly towards the south to contact the wake at angle. The Vessel made contact with the wake of the unidentified vessel (the "Incident").

15. As the Vessel neared the wake, passenger Steven Christopher Morris stood up from his seated position on the starboard bow of the Vessel. When the Vessel came in contact with the wake, passenger Morris was thrown from his feet onto the railing/gate at the bow of the Vessel and sustained injuries.

16. As the Vessel neared the wake, passenger Mimi Alfonso Boggs was in a partially-reclined position on the port bow of the Vessel. When the Vessel came in contact with the wake, passenger Mimi Alfonso Boggs bounced in her seat but did not suffer any injuries.

17. As the Vessel neared the wake, passenger Charles Melvin Boggs was seated on the port bow of the Vessel. When the Vessel came in contact with the wake, passenger Charles Melvin Boggs was unaffected by the wake and did not suffer any injuries.

18. As the Vessel neared the wake, passenger Katherine Elizabeth Clements was located at the stern of the Vessel. When the Vessel came in contact with the wake, passenger Katherin Elizabeth Clements was unaffected by the wake and did not suffer any injuries.

19. To petitioner's knowledge, in addition to any unknown potential claimants aboard the unidentified vessel, potential Claimants in this action include:

Steven Christopher Morris, 29860 Little Creek Road, Ardmore, Alabama 35739;

Mimi Alfonso Boggs, 500 Long Hollow Road, Pulaski, Tennessee 38478;

Charles Melvin Boggs, 500 Long Hollow Road, Pulaski, Tennessee 38478; and

Katherine Elizabeth Clements, 1234 Chicken Creek Road, Pulaski, Tennessee 38478.

20. After the Incident, on February 28, 2024, an attorney for Mr. Morris sent a letter advising of his representation of Mr. Morris in connection with the Incident.

21. This Petition for Exoneration from or Limitation of Liability is being filed less than six months after Petitioner's first receipt of notice regarding a potential claim in writing; therefore it is timely filed pursuant to the provisions of Supplemental Rule F.

22. The Vessel was damaged slightly in the incident, but was not lost or abandoned.

23. On information and belief, Petitioner avers that there are no other demands, unsatisfied liens, or claims of liens on or against the Vessel arising from the Incident, or any suits or claims pending thereon.

24. Pursuant to Supplemental Rule F(2) and 46 U.S.C. § 30501 *et seq*., Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the Incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

25. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $49,300.00, as reflected in the Ad Interim Stipulation for Value attached hereto as **Exhibit 1**. There was no pending freight at the time of the Incident.

26. Subject to any appraisal of its interest, Petitioner deposits with the Court, as security for the benefit of claimants, the attached Ad Interim Stipulation for Value and associated Letter of Undertaking from his insurer in the sum of $49,300.00, plus interest at 6% per annum from date of said Letter of Undertaking, said sum being the value of Petitioner's interest in the Vessel following the Incident.

27. The alleged injuries of the potential claimants, if any, were not caused or contributed to by Petitioner's fault, negligence, or lack of due care. Rather the alleged injuries of the potential claimants, if any, were caused by the actions and/or inactions of the potential claimants, including their failure to keep a proper lookout concerning the approaching wake, their failure to properly utilize appropriate seating aboard the vessel, and, at least with respect to Mr. Morris, his failure to remain seated, despite repeated warnings, while the vessel was underway and approaching a wake.

28. Alternatively, the alleged injuries of the potential claimants, if any, were done, occasioned, and incurred without Petitioner's privity or knowledge. Rather the alleged injuries of the potential claimants, if any, were caused by the actions and/or inactions of the potential claimants, including their failure to keep a proper lookout concerning the approaching wake, their failure to properly utilize appropriate seating aboard the vessel, and, at least with respect to Mr. Morris, his failure to remain seated, despite repeated warnings, while the vessel was underway and approaching a wake.

29. Petitioner claims exoneration from or limitation of liability for any and all property damage, personal injuries, and/or death caused by the Incident involving the Vessel, and for any claims thereof.

30. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or fault on the part of Petitioner, or anyone for whom Petitioner may be legally responsible, and Petitioner is entitled to exoneration from any liability for any such claims.

31. Petitioner, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefit of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of its interest in the Vessel, as provided for by Supplemental Rule F.

32. Petitioner believes potential claims arising from the Incident may exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the Incident at the end of the voyage.

WHEREFORE, Petitioner respectfully requests:

A. For an Order:

   1. Approving the above-described Ad Interim Stipulation for Value and Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel at the end of the subject voyage; and

   2. Directing the issuance of a monition to all persons, firms, and corporations, asserting a claim for any and all losses, damages, injuries or destruction resulting from the Incident on August 6, 2022, admonishing them to appear and file their respective claims with the Clerk of Court and serve on the attorney for Petitioner a

copy thereof on or before the date specified in the monition; or be forever barred and permanently enjoined from making and filing any such claims; and also answer under oath all and singular the premises of this Petition;

B. That an injunction shall issue restraining the commencement or prosecution of any action or proceeding of any kind against the Petitioner, or any of its property, with respect to any claim for which Petitioner seeks exoneration or limitation, including any claim arising out of or in connection with any losses, damages or destruction resulting from the Incident;

C. For a Decree adjudging:

1. That neither Petitioner nor the Vessel is liable to any extent whatsoever for any losses, damages, injuries or destructions or for any claims whatsoever done, occasioned or incurred as a result of the Incident;

2. Or, in the alternative, if Petitioner is adjudged liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the Incident, and that any monies decreed to be paid be divided pro rata amongst such claimants as may duly prove their claims; and

3. That Petitioner and Vessel are discharged of and from any and all further liability, and forever enjoining and prohibiting the filing and prosecution of any claims against the Petitioner or his property in consequence of or in connection with the Incident; and that Petitioner may have such other and further general and equitable relief which he may be entitled to receive.

/s/ Paul T. Beckmann
PAUL T. BECKMANN
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
Tel:	(251) 432-5511
Fax:	(251) 694-6375
Email: pbeckmann@handfirm.com

/s/ E. Shane Black
E. SHANE BLACK
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, Alabama 35611
Tel:	(256) 232-0202
Fax:	(256) 233-2407
Email: sblack@handfirm.com
*Attorneys for Petitioner*