# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **IN THE** | ) |
| **MATTER OF** | ) |
| **THE PETITION** | ) |
| **OF** | ) |
| | ) |
| **LARRY CLEMENTS** | ) **Case No.:  5:24-cv-01060-LCB** |
| **Owner of the 2013 Cypress Cay Model** | ) |
| **230, 25' pontoon boat,** | ) |
| **Hull Identification No. US-** | ) |
| **HAMC8020G213,** | ) |
| **For exoneration from or limitation of** | ) |
| **liability.** | |

## CLAIMANT STEVEN CHRISTOPHER MORRIS'S
## ANSWER WITH AFFIRMATIVE DEFENSES

Claimant Steven Christopher Morris hereby files his Answer with Affirmative

Defenses in response to Petitioner Larry Clements's Petition for Exoneration from

or Limitation of Liability as set forth below:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Claimant lacks knowledge or information sufficient to form a belief

about the truth of the allegations of this paragraph and, therefore, denies the same.

6.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

7.     Admitted.

8.     Admitted.

9.     The allegations in paragraph 9 set forth legal conclusions for which no response is required. To the extent a response is required, Claimant denies.

10.    Denied.

11.    Denied.

12.    Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

13.    Claimant admits the allegations in paragraph 13.

14.    Claimant specifically admits that an unidentified cabin cruiser passed the Vessel and created a wake. Claimant specifically admits that the Vessel made contact with the wake of the unidentified vessel. To the extent not expressly admitted, Claimant denies these allegations.

15.    Claimant specifically admits that he was thrown onto the railing/gate of the Vessel and sustained injuries. To the extent not expressly admitted, Claimant denies these allegations.

16.    Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

17.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

18.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

19.     Claimant specifically admits that the individuals listed in paragraph 19 are potential Claimants. Claimant specifically denies that Claimant Steven Christopher Morris is a resident of Alabama. To the extent not expressly admitted or denied, Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

20.     Admitted.

21.     Denied.

22.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

23.      Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

24.     Denied.

25.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

26.     Claimant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, denies the same.

27.     Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Claimant specifically admits that potential claims may exceed the value of Petitioner's interest in the Vessel and pending freight. To the extent not expressly admitted, Claimant denies these allegations.

Petitioner's requests lettered A, B, and C and all subsections thereunder are statements of relief Petitioner seeks and/or conclusions of law for which no response is required. To the extent a response is required, Claimant denies Petitioner's requests.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Claimant alleges that to the extent that the incidents described in the Petition for Exoneration from or Limitation of Liability fall within maritime tort jurisdiction, that the substantive law applicable to the rights and liabilities of the parties is the general maritime law of the United States and the terms and provisions of the Exoneration and Limitation of Liability Act, 46 U.S.C.A. § 30501 et seq.

### SECOND AFFIRMATIVE DEFENSE

Claimant alleges Petitioner failed to comply with 46 U.S.C. § 30511 and Fed. R. Civ. P. Supp. F(1) (stating a vessel owner may file a limitation of liability

4

complaint "[n]ot later than six months after receipt of a claim in writing"), and his claims for limitation are therefore time-barred.

## THIRD AFFIRMATIVE DEFENSE

Claimant alleges that an intentional act(s), fault, neglect or want of care of Petitioner Larry Clements, in a capacity other than as owner of the 2013 Cypress Cay Model 230 twenty-five foot pontoon boat, bearing Hull Identification Number US-HAMC8020G213 and Alabama Registration Number AL3350MM, caused or contributed to the incidents described in the Petition for Exoneration from or Limitation of Liability which are alleged to have occurred on or about August 6, 2022, and that the intentional act(s), fault, neglect, or want of care in a capacity other than as owner of the Vessel is not subject to exoneration from or limitation of Petitioner's liability.

## FOURTH AFFIRMATIVE DEFENSE

Claimant alleges that this action should be stayed under the single claimant rule, so that Claimant can file an action in a forum of his choice pursuant to the "Savings to Suitor" clause of 28 USC §1333. Specifically, in filing this Answer with Affirmative Defenses, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer with Affirmative

Defenses is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Answer with Affirmative Defenses.

## FIFTH AFFIRMATIVE DEFENSE

Claimant alleges that in the event that this Court should grant Petitioner the relief he seeks, then all funds received from any third party, including insurance proceeds for losses and damages sustained by Petitioner must be added to the Limitation Fund.

## SIXTH AFFIRMATIVE DEFENSE

Claimant alleges that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the Limitation Fund.

## SEVENTH AFFIRMATIVE DEFENSE

Claimant pleads lack of personal jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

Claimant pleads insufficiency of process.

## NINTH AFFIRMATIVE DEFENSE

Claimant pleads insufficiency of service of process.

## TENTH AFFIRMATIVE DEFENSE

The Petition is time barred.

## ELEVENTH AFFIRMATIVE DEFENSE

The incident was the result of Petitioner's negligence in its capacity as the owner of the subject vessel.

## TWELFTH AFFIRMATIVE DEFENSE

Petitioner is not entitled to exoneration from or limitation of liability in this proceeding because the acts of negligence, gross negligence and reckless and other wrongful conduct which caused Claimant's injuries occurred with Petitioner's privity and/or knowledge.

## THIRTEENTH AFFIRMATIVE DEFENSE

Per 46 U.S.C. § 30511(c), only "claims and proceedings against the owner related to the matter in question shall cease" such that Petitioner is not entitled to an order prohibiting the institution or prosecution of all suits, actions, or legal proceedings arising out of the voyage on which the incident occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

Per Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims, Petitioner is only entitled to an Order prohibiting the institution or prosecution of any suits, actions, or legal proceedings against the Petitioner such that any Order to the contrary obtained is too broad.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act. 46 U.S.C. § 30501 et seq. is not applicable to the instant case because at all times pertinent herein, the subject vessel was operated in a willful, wanton, and reckless manner.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause of 28 U.S.C. § 1333(1), Claimant reserves all rights to pursue all available claims in the forum of his choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Federal Court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause of 28 U.S.C. § 1333(1), Claimant reserves the right to move for bifurcation of this action so as to enable him to select a court and/or forum of her choosing for all fact issues other than whether Petitioner was negligent and whether such negligence was within Petitioner's knowledge or privity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Claimant reserves the right to contest the appraisal value of the subject vessel.

## PRAYER FOR RELIEF

WHEREFORE, as to the Petition for Exoneration from or Limitation of Liability, Claimant Steven Christopher Morris requests that the Court:

a)  Enter judgment in favor of Claimant and against Petitioner Larry Clements and dismiss Petitioner's Petition for Exoneration from or Limitation of Liability with prejudice;

b)  Tax all costs of this action to Petitioner Larry Clements;

c)  Grant Claimant Steven Christopher Morris such other and further relief to which it is entitled in law or in equity.


Respectfully submitted,


s/Joe A. King, Jr._____
Joe A. King, Jr. (ASB-5784-043K)
*Attorney for Claimant*

s/Joseph D. Aiello_____
Joseph D. Aiello (ASB-5017-S75A)
*Attorney for Claimant*

*Of counsel:*

Joe A. King, Jr.
Joseph D. Aiello
MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, AL 35801
PH: (256) 536-0588
FAX: (256) 533-1504
jking@mkhlawyers.com
jaiello@mkhlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the CM/ECF participant counsel of record.

PAUL T. BECKMANN
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
Email: pbeckmann@handfirm.com

E. SHANE BLACK
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street Athens, Alabama 35611
Email: sblack@handfirm.com
*Attorneys for Petitioner*

s/ Joe A. King, Jr.
Of Counsel