FILED
2024 Oct-31 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER | * | |
| OF THE PETITION | * | |
| | * | |
| OF | * | Case No.: 5:24-cv-01060-LCB |
| | * | |
| LARRY CLEMENTS | * | |
| Owner of the 2013 Cypress Cay Model | * | IN ADMIRALTY |
| 230, 25' pontoon boat, | * | |
| Hull Identification No. US-HAMC8020G213, | * | |
| For exoneration from or limitation of | * | |
| liability. | * | |

## LARRY CLEMENTS'
## ANSWER TO THE CLAIM OF STEVEN CHRISTOPHER MORRIS

Petitioner Larry Clements answers the Claim of Steven Christopher Morris as follows:

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

5. Petitioner denies that any non-maritime claims are involved in this action.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Petitioner admits that while navigating the subject vessel back to Lucy's Branch Marina he encountered an unidentified cabin cruiser.  All allegations contained in this paragraph not specifically admitted are denied.

1

11. Petitioner admits that the subject vessel encountered the wake created by the cabin cruiser. Petitioner admits that Mr. Morris was thrown from his feet onto the boat's railing, resulting in injury to Mr. Morris. Petitioner admits said incident occurred in the Wheeler Lake area on the Tennessee River, near Athens. All allegations contained in this paragraph not specifically admitted are denied.

12. This allegation calls for a legal conclusion. To the extent a response is required, denied.

13. The allegations in this paragraph call for legal conclusions. To the extent a response is required, Mr. Morris correctly cites language found within Ala. Code § 33-5-70 and language within DCNR Admin. Code R. 220-6-07.

14. Petitioner denies the allegations in this paragraph and each of its subparagraphs.

15. The allegations in this paragraph call for legal conclusions. To the extent a response is required, 33 U.S.C. § 192 has been repealed. Petitioner denies violating any applicable Inland Rule. Petitioner denies the Pennsylvania Rule is applicable.

16. Denied.

17. Petitioner admits Mr. Morris was injured aboard the subject vessel. Petitioner lacks sufficient knowledge or information to either admit or deny the extent of Mr. Morris' injuries.

**COUNT I**

18. Petitioner reasserts his responses to paragraphs 1 through 17 above as if fully set forth herein.

19. Admitted.

20. Petitioner denies that he breached any duty owed to Mr. Morris.

21. Petitioner denies that he breached any duty owed to Mr. Morris.

22. Petitioner denies the allegations in this paragraph and each of its subparagraphs.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT II

31. Petitioner reasserts his responses to paragraphs 1 through 30 above as if fully set forth herein.

32. Petitioner denies that Mr. Morris has any state law claims against Petitioner arising out of the subject incident. Further, Petitioner denies the allegations contained in this paragraph.

33. Petitioner denies that he breached any duty owed to Mr. Morris.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

WHEREFORE, Petitioner denies that Mr. Morris is entitled to any of the relief sought in his "Prayer for Relief" and all subparagraphs thereof.

## ADDITIONAL DEFENSES

1. Claimant fails to state a claim against Petitioner upon which relief can be granted.

2. Petitioner, as the owner of the vessel, is entitled to exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501, et seq., as is more fully set out in Petitioner's Petition (Doc. 1).

3. Petitioner's vessel was operated reasonably under the circumstances and was tight, staunch, fit, fully and properly manned, equipped, and supplied, and in all respects seaworthy and fit for the service in which it was engaged at all times relevant hereto.

4. The damages complained of by Claimant were not proximately caused or causally related to any acts or omissions on the part of Petitioner.

5. Petitioner affirmatively pleads that the limitation fund submitted to the Court by way of a letter of undertaking is adequate under the circumstances.

6. Petitioner affirmatively pleads that it is without privity or knowledge of any defect or condition in its vessel or operations causing the alleged damages asserted by Claimants.

7. Petitioner affirmatively pleads that Claimant has failed to mitigate his own damages, if any.

8. Petitioner affirmatively pleads that Claimant assumed all risks for which he now complains.

9. Petitioner pleads that Claimant's claims arise from intervening and/or superseding causes.

10. Petitioner asserts and re-pleads its allegations and defenses set forth in its Petition for Exoneration from or Limitation of Liability (Doc. 1) as if set forth herein.

Petitioner reserves the right to amend this answer and these additional defenses to include any other appropriate defenses, available under applicable law which may be developed through discovery and/or investigation of the subject incident.

Dated: October 31, 2024.

Respectfully Submitted,

*/s/ Paul T. Beckmann*
PAUL T. BECKMANN
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
Tel:   (251) 432-5511
Fax:   (251) 694-6375
Email: pbeckmann@handfirm.com

E. SHANE BLACK
HAND ARENDALL HARRISON SALE LLC
102 S. Jefferson Street
Athens, Alabama 35611
Tel:   (256) 232-0202
Fax:   (256) 233-2407
Email: sblack@handfirm.com
*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on October 31, 2024 filed the foregoing pleading using the Court's CM/ECF Filing System which will send notification of such filing to all counsel of record as follows:

Joe A. King, Jr., Esq.
Joseph D. Aiello, Esq.
MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, AL 35801
jking@mkhlawyers.com
jaiello@mkhlawyers.com

*/s/ Paul T. Beckmann*