# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF | ) ) ) ) ) ) |
| LARRY CLEMENTS<br>Owner of the 2013 Cypress Cay Model 230, 25' pontoon boat,<br>Hull Identification No. US-HAMC8020G213,<br>For exoneration from or limitation of liability. | ) Case No.: 5:24-cv-01060-LCB<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on January 16, 2025, in person between counsel for the Petitioner/Defendant Larry Clements and counsel for the Respondent/Claimant Steven Christopher Morris.

2. **Pre-Discovery Disclosures.** The parties will exchange by January 30, 2025, the information required by Rule 26.1(a)(1).

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on the following subjects: Larry Clement's right to seek exoneration or limitation of liability under the Limitation of Liability Act, whether Larry Clements had knowledge or privity in relation to the Claimant Steven

Christopher Morris's claims, the Claimant's negligence/gross negligence/recklessness claims under general maritime law, the Claimant's negligence/wantonness claims under Alabama law, the Claimant's claimed damages, expert witness opinions, and all other items related to the claims and defenses to the same.

b. To the extent it exists, non-privileged electronically stored information ("ESI") shall initially be produced by the parties in either Portable Document Format (.pdf) or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs. The parties reserve the right to request that any ESI be produced in its native format or a reasonably usable form. If any ESI is not reasonably accessible due to undue burden or cost, a party may file a motion to limit production of the ESI in accordance with *Federal Rules of Civil Procedure*, Rule 26(b)(2)(B). Any ESI withheld from production on the basis of any privilege or doctrine of non-disclosure should be described on a privilege log produced to the opposing party.

c. **Compliance with HIPAA for Protected Health Information.** The parties request that the Court enter its standard HIPAA order.

d. **Supplementation:** Supplementation of disclosures and discovery under Fed. R. Civ. P. 26(e) is due within a reasonable period of time after discovery of such information, but all such supplementation shall be provided by October 20, 2025.

e. **Discovery Deadline:** All discovery commenced in time to be completed by November 20, 2025.

f. Maximum of 40 Interrogatories by each party to any other party.

g. Maximum of 40 Requests for Production by each party to any other party.

h. Maximum of 40 Requests for Admission by each party to any other party.

i. Maximum of 10 depositions by the Petitioner and 10 by Respondent, though the parties may seek leave of Court if more depositions are warranted or necessary to prove or disprove any claim.

j. No later than August 20, 2025, each party shall make its initial expert witness disclosures as required by Rule 26 for each issue upon which it bears the burden of proof. No later than September 22, 2025, each party shall make its initial expert witness disclosures as required by Rule 26 for each issue upon which the

opposing party bears the burden of proof. No later than October 20, 2025, each party shall make any rebuttal expert witness disclosures if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party who does not bear the burden of proof, to the extent permitted by Rule 26.

4. Other Items.

    a. The parties do not request a conference with the Court before the entry of a Scheduling Order.

    b. **Pleadings and Parties:** Unless the party's pleading may be amended as a matter of course pursuant to Fed. R. Civ. P. 15(a), the party must file a Motion for Leave to Amend. Such Motion for Leave to Amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed Amended Complaint or Amended Answer, which is suitable for filing. The Motion for Leave to Amend, with the attached amended pleading, shall be served in accordance with Fed. R. Civ. P. 5.

    c. Petitioner/Defendant should be allowed until March 20, 2025, to join additional parties and until June 21, 2025, to amend the

pleadings.

d. Respondent/Claimant should be allowed until April 21, 2025, to join additional parties and until July 21, 2025, to amend the pleadings.

e. All potentially dispositive motions, including *Daubert* motions, to be filed by December 19, 2025.

f. Settlement is possible and may be enhanced by the use of alternative dispute resolution. The parties may consider mediation in the future.

g. Pursuant to FRCP Rule 5(b)(2)(E), the parties consent to service by email of initial disclosures, discovery requests, discovery responses, deposition notices, expert witness disclosures, and all other discovery materials.

h. The parties request a final pre-trial conference in December 2025 if no dispositive motions are filed. If dispositive or *Daubert* motions are filed, then at least 14 days after any ruling on such motions. The parties request a final pretrial conference 15 days before trial. All motions *in limine* should be filed 30 days prior to trial.

i. Final lists of witnesses, exhibits and deposition designations

under Rule 26(a)(3) should be due by Petitioner and Respondent 30 days before the trial of the case.

j.  All objections to the final lists of witnesses, exhibits and deposition designations under Rule 26(a)(3) should be made 14 days after the opposing party files its witness and exhibit lists.

k.  The case should be ready for trial by January 2026 or 30 days after any ruling on a dispositive or *Daubert* motion and at this time the trial is expected to take 2 to 4 days.

5.  **Assessment of Complexity of the Case.** The parties consider this to be a typical Limitation Action and a claim by Steven Christopher Morris for personal injury, and there are no unique facts that make it a complex case. The parties estimate that it will likely take 2 to 4 days for the trial of this case.

6.  **Nature of the case.**

**SPECIAL SCHEDULING REVIEW REQUESTED:** This matter involves a Limitation Action, which provided for an October 21, 2024, deadline for any claimants to file a claim and appear in this action, and thus the case could not become at issue until the claim deadline passed.

This case involves an incident on August 6, 2022, on the navigable waters of the Tennessee River near Athens, Alabama, involving Larry Clements's vessel, that certain 2013 Cypress Cay Model 230 twenty-five foot pontoon boat, bearing Hull

Identification Number USHAMC8020G213 (the "Vessel"). During the cruise, the Vessel was operated by Larry Clements, and the passengers on the Vessel at the time included Steven Christoper Morris. As the Vessel traveled west on the Tennessee River, an unidentified cabin cruiser was traveling on the Tennessee River. The cabin cruiser passed the Vessel, and the cabin cruiser created a wake. The Vessel made contact with the wake of the unidentified vessel. In his claim, Steven Christopher Morris alleges he suffered severe injuries as a passenger on the Vessel that included the fracture of multiple ribs on his left side, splenic laceration, hemorrhage of spleen, DVT prophylaxis, and chest wall pain. Claimant Steven Christopher Morris reserves all rights to pursue all available claims in state court for resolution of any and all issues permitted by law, for his Claim.

A Petition for exoneration from or limitation of liability was filed by Larry Clements, as the owner of that certain 2013 Cypress Cay Model 230 twenty-five foot pontoon boat, bearing Hull Identification Number USHAMC8020G213 (the "Vessel"), seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, et seq. This action is brought under the Court's admiralty and maritime jurisdiction within the meaning of Rule 9(h) and Supplemental Admiralty Rule F of Federal Rules of Civil Procedure and is brought pursuant to this Court's original jurisdiction conferred by 28 U.S.C. § 1333. Because it arises under admiralty, this case involves a non-jury trial.

7

In his Petition, Larry Clements contends that any damages arising from the accident were not caused or contributed to by the fault and negligence on the part of the Vessel or her crew or any of Vessel's owners or anyone for whom he may be responsible. Larry Clements further contends that the accident, and any resultant injuries and other damages, occurred without his privity and knowledge.

Steven Christopher Morris, who timely filed a claim, disputes all of Larry Clements's contentions. Further, as more fully set forth in his Claim and Answer, contends, among other things, that Larry Clements is fully liable for the injuries and can neither limit nor be exonerated for liability for the claimed damages, which in total, claimant contends far exceed the Petitioner's ad interim stipulation of the Vessel's value.

Other than Steven Christopher Morris, no other claimants filed claims in this Limitation Action and the October 21, 2024 deadline for filing claims has passed. On December 31, 2024, upon the motion of Larry Clements, this Court granted default judgment against all non-appearing claimants. This Court entered its Initial Order on December 20, 2024. In accordance with Rule 26, the parties have not yet conducted any discovery.

Respectfully submitted this the 27th day of January, 2025.

/s/ Paul T. Beckmann
Paul T. Beckmann
E. Shane Black

OF COUNSEL:

HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
(251) 432-5511
pbeckmann@handfirm.com

102 S. Jefferson Street
Athens, Alabama 35611
(256) 232-0202
sblack@handfirm.com
*Attorneys for Petitioner/Defendant Larry Clements*

                                                */s/ Joseph D. Aiello (w/permission)*
                                                Joe A. King, Jr. (5784-043K)
                                                Joseph D. Aiello (5017-S75A)

OF COUNSEL:

MORRIS, KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, AL 35801
Phone: (256) 536-0588
Fax: (256) 533-1504
jking@mkhlawyers.com
jaiello@mkhlawyers.com
*Attorneys for Respondent/Claimant Steven Christopher Morris*