UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF LARRY CLEMENTS<br><br>Owner of the 2013 Cypress Cay Model 230, 25' pontoon boat, Hull Identification No. US-HAMC8020G213, For exoneration from or limitation of liability. | Case No.: 5:24-cv-1060-LCB<br>IN ADMIRALTY |
| STEPHEN CHRISTOPHER MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>GEICO MARINE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 5:25-cv-0164-MHH |

## ORDER

This matter is before the Court on a joint motion to consolidate cases for the limited purpose of discovery. (Doc. 22). For the reasons set forth below, the motion will be granted.

There are two cases currently pending in the Northern District of Alabama, both of which arise from an incident that occurred on August 6, 2022, upon a voyage

aboard a vessel owned by Larry Clements. On August 6, 2024, Larry Clements filed a petition seeking exoneration from or limitation of liability of all claims for any loss, destruction, injuries, or damage arising out of the incident. (Doc. 1). That case was assigned to this Court and is styled *In the Matter of Larry Clements*, 5:24-cv-1060-LCB (the "Limitation Proceeding"). On October 21, 2024, Christopher Morris, who was a passenger aboard the vessel, filed a claim against Clements in the Limitation Proceeding, seeking damages arising from personal injuries he allegedly sustained during the August 6, 2022 voyage. (Doc. 8).

Subsequently, Morris filed a complaint against GEICO Marine Insurance Company ("GEICO") seeking benefits under a marine insurance policy issued by GEICO to Clements for injuries he allegedly sustained during the August 6, 2022 voyage. Morris's action against GEICO is currently pending in front of the Honorable Madeline H. Haikala and is styled *Morris v. GEICO Marine Insurance Company*, 5:25-cv-0164-MHH (the "GEICO Action"). In the GEICO Action, Morris's complaint contains claims for uninsured boater benefits, medical payments benefits, breach of contract, and bad faith.

Pending before this Court in the Limitation Proceeding, is a joint motion filed by Clements and Morris to consolidate the Limitation Proceeding and the GEICO Action for the limited purpose of conducting discovery. (Doc. 22). The motion to consolidate is unopposed by GEICO. (*Id.*; *see also* GEICO Action, Doc. 12).

The court may consolidate cases if they "involve a common question of law or fact." FED. R. CIV. P. 42(a). Courts favor consolidating cases for the limited purpose of discovery when the actions "involve common issues" such that they "entail some overlap of discovery." *Wells Fargo Bank, N.A. v. Spring Hill Ins. Co.*, No. CV 10-00508-B, 2010 WL 11602570, at *1 (S.D. Ala. Dec. 21, 2010). Both actions arise out of the August 6, 20222 voyage on a vessel owned by Clements. As such, the actions involve common questions of fact and discovery will almost certainly overlap.

Accordingly, it is **HEREBY ORDERED** that:

1. The GEICO Action (*Morris v. GEICO Marine Insurance Company*, 5:25-cv-0164-MHH) is consolidated with the Limitation Proceeding (*In the Matter of Larry Clements*, 5:24-cv-1060-LCB) for the limited purpose of conducting discovery;

2. So long as the GEICO Action remains consolidated with the Limitation Proceeding pending in this Court, the Scheduling Order entered in the Limitation Proceeding (Doc. 19) shall apply to and govern both the Limitation Proceeding and the GEICO Action;

3. Any motion by any party in the GEICO Action or the Limitation Proceeding concerning any issue addressed in the Scheduling Order (Doc. 19) shall be filed in front of and ruled upon by this Court; **and**

4. Any motion by any party in the GEICO Action or the Limitation Proceeding to amend the Scheduling Order (Doc. 19) shall be filed in front of and ruled upon by this Court.

**DONE** and **ORDERED** this June 4, 2025.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE